10-4801-ag
Chen v. Holder
BIA
Schoppert, IJ
A073 775 416

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of May, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

LI XIN CHEN,
> *Petitioner,*

v.                                          10-4801-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Anthony W. Norwood, Senior
                         Litigation Counsel; Hillel R. Smith,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Xin Chen, a native and citizen of the People's Republic of China, seeks review of the October 26, 2010, decision of the BIA affirming the August 27, 2009, decision of Immigration Judge ("IJ") Douglas Schoppert denying his motion to reopen. *In re Li Xin Chen*, No. A073 775 416 (B.I.A. Oct. 26, 2010), *aff'g* No. A073 775 416 (Immig. Ct. N.Y. City Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's denial of the motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency evaluates country conditions evidence submitted with a motion to reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The agency's denial of Chen's motion to reopen as untimely was not an abuse of discretion. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's motion to reopen, filed in July 2009, was untimely, because the IJ had ordered him excluded *in absentia* in 1997. *See id*. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

As the IJ found, Chen's practice of Falun Gong in the United States is a change in his personal circumstances, not a change in country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Moreover, although Chen argues that he demonstrated changed country conditions by submitting evidence which shows that the Chinese government

3

had stepped up its enforcement efforts against Falun Gong practitioners "even outside of China," his argument is meritless because the harm Falun Gong practitioners allegedly suffered in the United States fails to show "changed country conditions *arising in* the country of nationality . . .."  8 U.S.C. § 1229a(c)(7) (emphasis added); 8 C.F.R. § 1003.2(c)(2) (same).

Further, the BIA's determination that the evidence submitted by Chen failed demonstrate changed country conditions is supported by substantial evidence.  *See Jian Hui Shao*, 546 F.3d at 169.  While the background materials show a continued repression of Falun Gong practitioners in China, as the BIA concluded, they do not show a worsening of conditions for Falun Gong practitioners in a way material to Chen's claim, as the evidence Chen submitted did not focus on persecution in China.

Finally, Chen's argument that the BIA abused its discretion by relying upon the 2007 United States Department of State Profile of Asylum Claims and Country Conditions, is meritless.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the agency); *see also id*. at 341 ("[A] report

4

from the State Department is usually the best available source of information on country conditions.") (quotations omitted).  We decline to reach Chen's assertion that he has established his *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk